**Salwinder KAUR, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73914.

Agency No. A75–251–463.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 12, 2004.*

Decided Jan. 16, 2004.

Mohinder Singh, Walnut Creek, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Mark C. Walters, Arthur L. Rabin, Rene L. Rocque, U.S. Department of Justice, Washington, DC, for Respondent.

Before BEEZER, HALL, and SILVERMAN, Circuit Judges.

## MEMORANDUM**

Salwinder Kaur, a native and citizen of India, petitions for review of the Board of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Immigration Appeals' order summarily affirming an immigration judge's ("IJ") denial of her application for asylum and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review credibility findings for substantial evidence. *Singh–Kaur v. INS,* 183 F.3d 1147, 1149–50 (9th Cir.1999). We deny the petition for review.

The IJ observed that Kaur, who testified in Punjabi through a translator, often answered questions before they were translated from English into Punjabi and noted that Kaur's demeanor in responding on cross-examination indicated that she was reciting something she had memorized. We give "special deference" to a credibility determination based on demeanor and find no reason to discount the IJ's reliance on Kaur's demeanor. *See id.* at 1151. In addition, the IJ noted that Kaur testified inconsistently about whether she attended rallies or moved to her parents' home before or after her husband disappeared. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001) (inconsistencies going to the heart of an asylum claim support adverse credibility finding).

In sum, a reasonable finder of fact would not be compelled to conclude that Kaur's claim is credible. *See Singh–Kaur,* 183 F.3d at 1153.

Kaur contends that the IJ was biased. A review of the transcript does not demonstrate that the IJ was biased; nor does Kaur show that she suffered any prejudice as a result of the alleged bias. *See Hassan v. INS,* 927 F.2d 465, 469 (9th Cir. 1991).

Finally, the BIA's summary affirmance without opinion does not violate due process. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–51 (9th Cir.2003). To the extent Kaur raises the issue that her case was not appropriate for streamlining, the issue is not supported by argument. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996) (issues raised in a brief that are not supported by argument are deemed abandoned).

**PETITION FOR REVIEW DENIED.**